EASTERN DIST.
*June,* 1835.

DUNN
*vs.*
NEW-ORLEANS
BUILDING CO.

bank, although one of them was due and protested at the time the pledge was given, but not mentioned in it.

=====

DUNN *vs.* NEW-ORLEANS BUILDING COMPANY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When a resolution, adopted by a meeting of the stockholders of a corporation, ratifying certain sales of the corporation property, is produced, the officers of the corporation who urge the invalidity of the ratification, on the ground that the meeting was illegally called, must show such illegality, and support their allegations by proof.

The plaintiff alleges, he purchased two lots of ground at public auction, in the city of New-Orleans, on the 9th of December, 1834; that said lots were the property of the "New-Orleans Building Company," and sold by the authority of the stockholders thereof, on the terms and

EASTERN DIST.
June, 1835.

DUNN
vs.
NEW-ORLEANS
BUILDING CO.

conditions announced by the auctioneer, and published previously thereto; that the president of said company refuses to execute an act of sale to him, although he has demanded it, and offered to comply with the terms of the adjudication at said sale. He prays that the president and directors of said company be cited, and decreed to execute acts of sale and make him a complete title to said lots, on his complying with the terms of sale.

The defendants deny that the adjudication of the lots in question, was made by authority of the stockholders, or the president and directors of said company; they aver, that by the sale of all the property of said company at auction, it became insolvent, and unable to give a title, but that the property belonged to its creditors; that the property was encumbered with mortgages, which the company was unable to raise, and that the plaintiff did not come forward to demand his titles, until a subsequent meeting of the stockholders made a different disposition of the property.

On these pleadings, the parties went to trial. The facts and evidence of the case, material to the points at issue, are as follows:

Some time after the New-Orleans Building Company was organised and had adopted its by-laws and elected its directors, its affairs became embarrassed. On the 13th October, 1834, the directors determinined that it was expedient to sell the property of the company and fixed the terms of sale. A meeting of the stockholders was called on the 17th of October, at which it appeared twenty-eight out of eighty-three stockholders were present and approved of the sale and the terms fixed by the directors. On the 1st of December following, the directors made a slight variation in the terms of sale, by altering the instalments. On the 9th of the same month the sale took place, at which the plaintiff purchased the two lots in question, for eight hundred and fifty dollars. On the 18th December a meeting of the stockholders was held, at which a resolution was proposed and adopted, by the majority present and voting, approving

of the proceedings and conduct of the directors, in making the sales in question.

Eastern Dist.
June, 1835.

DUNN
vs.
NEW-ORLEANS
BUILDING CO.

At a subsequent meeting of the stockholders, on the 20th December, 1834, all the directors and officers of the corporation resigned, and a new organization took place.

The plaintiff made application to have his title completed, and an act of sale passed in conformity to the adjudication made to him at the auction sale. The new board of directors refused.

The district judge who presided at the trial, states, in delivering his opinion, "that the case has been brought on and tried in a somewhat loose and irregular manner; and that the matter has received very little investigation of the principles applicable to the mode of conducting business by meetings of stockholders of corporations;" that the case appeared to him in the following light:

1. "That the power of alienating the real property, being reserved to the stockholders of the company, and the terms sanctioned by them, it was not competent for the directors to alter them.

2. "That it does not appear, that the proper and sufficient steps were taken, to convene the stockholders at any time, or to give notice of the subject of deliberation; that it is manifest, great irregularity in all the proceedings of the directors, and meetings of the stockholders prevailed, &c.

3. "A person buying from a corporation, must look to it, and examine that there is proper authority to sell; that the question is different, when it is sought to enforce a title from a corporation, from what it would be if a title had been made, and it was sought to annul it."

Judgment was rendered in favor of the defendants, and the plaintiff appealed.

*Carter*, for the plaintiff and appellant.

It is admitted by the plaintiff, that, by the charter of the Building Company, the immoveable property could not be alienated or sold by the directors, without the authorisation

EASTERN DIST.
June, 1835.

DUNN
vs.
NEW-ORLEANS
BUILDING CO.

of the stockholders; but the plaintiff contends that such authorisation was obtained.

1. By an agreement entered into by the company, with Laurent Millaudon, Esq., in the early part of 1834, the company, in consideration of a large pecuniary aid rendered by that gentleman, agreed to sell their property on or before the 15th December of the same year, in order that the proceeds of the sale might meet the obligations of Mr. Millaudon, in behalf of the company. It does not appear that at the time of this agreement, which was authorised and ratified by the stockholders, that the terms and conditions of the sale of the property were fixed.

2. That, admitting that the directors changed the terms of sale from those fixed by the stockholders at their meeting, on the 4th November, 1834, yet this does not invalidate the sales. We contend, that all the directors required from the stockholders was, *the authority to sell*; and that the fixing of the terms was in the discretion of the directors; and for which, they could be only held *personally* responsible, in the event of fixing terms, which would result in a loss to the company. It is not pretended that the terms fixed by the directors, proved of injury: on the contrary, they were more favorable to the stockholders, than those fixed by the stockholders.

3. All the stockholders resided in the city of New-Orleans: the terms, as fixed by the directors, were advertised in the public prints for a length of time : a majority of the stockholders attended the sale, and a number made purchases. These acts, we contend, were confirmatory of the terms fixed by the directors.

4. That, at a meeting of the stockholders, holden on the 18th of December, 1834, eight days after the sale at which the plaintiff purchased, it appears a statement of the affairs of the company was presented, showing the result of the sale on the 9th, and the terms on which the property had been sold. At this meeting, and after this statement, a resolution, introduced by Mr. E. Torlee, in the following words, was

EASTERN DIST.
*June,* 1835.

DUNN
*vs.*
NEW-ORLEANS
BUILDING CO.

passed: "*Resolved,* That the stockholders of the company do approve of the proceedings of the present directors, to this date, as being made in furtherance of the interests of the company." We contend that this resolution confirmed the sales of the 9th of December, and gave the plaintiff a clear right to exact from the defendants a title to the lots in question. The legality of this meeting has been attacked by the judge, but by an inspection of the record, no proof can be found to justify that attack.

5. In conclusion, the counsel feels bound to notice the following paragraph in the judgment of the court below: "The case has been brought on and tried by consent, in a somewhat loose and irregular manner; and the matter has received very little investigation of the principles applicable to conducting business by meetings of stockholders." The counsel placed upon record all the testimony he thought proper to maintain the case of his client; and if he choose not to enter into legal discussions, upon a point which he believed, not before the court, that was a matter for his discretion, and not a subject to be commented upon by the judge: and the counsel believes that the decision of this tribunal will show that point which the judge below wanted information upon, was not, under the aspect of this case, a matter for investigation.

6. It is a cause of deep regret, that the judge of the court below should so frequently indulge himself in personal attacks upon the conduct of counsel, in the management of their causes. A continuance of such a system, can only tend to interrupt those relations which should exist between the bench and the bar.

*Preston, contra,* contended, that the directors who determined upon the sale of this property, and fixed its terms and conditions, had never been voted for by the stockholders, and consequently had no authority to order the sale, which is null.

2. At the meeting of the stockholders, on the 18th December, 1834, these self-styled directors obtained a vote

EASTERN DIST.
June, 1835.

DUNN
vs.
NEW-ORLEANS
BUILDING CO.
of approbation of their proceedings, from only ten out of about eighty stockholders, the whole number. It is not shown, nor does it appear, that they passed any order calling this meeting, but on the contrary, there was an order of the stockholders themselves, to hold an adjourned meeting, not on the 18th, but the 20th December.

3. The plaintiff purchased from persons having no authority to sell, and if he has suffered any damage, he must look to those with whom he dealt.

*Martin, J.,* delivered the opinion of the court.

The plaintiff was purchaser of two lots of ground in the city of New-Orleans, which were sold at public auction by order of the directors of the New-Orleans Building Company. He claims to have a complete legal title made to him in pursuance of the adjudication at the sale. The defendants refused this; and on his suit to compel them, judgment was rendered against him, rejecting his claim, from which he has appealed to this court.

The counsel for the plaintiff admits that the sale was made by order of the directors of said Building Company, on different terms than those which had been proposed and agreed upon by a meeting of the stockholders, who authorised the directors in the first instance to sell; but, he has shown, that after the adjudication, the conduct of the directors and their acts in relation thereto, was approved, and the sale confirmed.

The district judge who tried the cause determined, that the last meeting of the stockholders at which it is alleged the sale in question was confirmed, was not regularly called according to the solemnities and forms prescribed by law, and necessary for the call of such a meeting; and that a meeting of the stockholders thus called and held, could not authorise the alienation of the property of the company.

We have looked in vain in the record, for any evidence in support of the decision of the judge *a quo*, or the conclusions to which he came in deciding the case. When a resolution adopted at a meeting of the stockholders of the corporation,

When a resolution, adopted by a meeting of the stockholders of a corporation, ratifying certain sales of the corporation property is produced, the officers of the corporation who urge the invalidity of the ratification, on the ground that the meeting was illegally called, must show such illegality and support their allegations by proof.

EASTERN DIST.
June, 1835.

ratifying a sale made by the directors, of certain property belonging to it, is produced, the officers of that corporation who urge the invalidity of the ratification on the ground that the meeting was illegally called, must support their allegations by proof. This has not been done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is ordered, adjudged and decreed, that on the plaintiffs complying with the terms of the auction sale, within thirty days from the day on which the present judgment shall become final, the defendants do execute and convey a good and legal title to the plaintiff, for the two lots of ground described in the petition; and that the defendants and appellees pay costs in both courts.